IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01639-BNB

CODY LEN GRAY,

    Applicant,

v.

JAMES FALK, Warden of SCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Cody Len Gray, was a prisoner in the custody of the Colorado Department of Corrections at the correctional facility in Sterling, Colorado, when he filed *pro se* on June 11, 2014, an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). He has paid the $5.00 filing fee.

    On July 17, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 7) directing Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On August 4, 2014 Respondents submitted their pre-answer response (ECF No. 11). Mr. Gray did not submit a reply to the pre-answer response, although he was afforded the opportunity to do so.

    On August 19, 2014, Respondents filed a document titled "Suggestion of Death and Motion to Dismiss" (ECF No. 12) advising the Court that Applicant died in the Sterling Correctional Facility on or about August 11, 2014, and confirming his death with

a copy of Mr. Gray's "Offender Profile" as of August 18, 2014 (ECF No. 12, ex. A) indicating that Applicant is "Deceased." *Id.* On August 20, 2014, Respondents also filed a motion to dismiss (ECF No. 13) the instant action as moot.

The death of a habeas corpus applicant renders the application moot and subject to dismissal. *See, e.g.*, *Dove v. United States*, 423 U.S. 325, 325 (1976) (dismissing certiorari petition upon petitioner's death); *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998) ("[Applicant's] death during the pendency of his habeas petition rendered that action moot, and no earthy circumstance can revive it."); *McMillin v. Bowersox*, 102 F.3d 987, 987 (8th Cir. 1996) (because applicant's imprisonment ended upon his death, there can be no future collateral consequences flowing from his imprisonment, and his habeas corpus application is moot); and *Towns v. Martin*, 2013 U.S. Dist. LEXIS 53036, at *1-2 (W.D. Okla. Mar. 20, 2013) (collecting cases) (§ 2254 petition does not survive petitioner's death and should be dismissed with prejudice), *supplemental report & recommendation adopted*, *Towns v. Martin*, 2013 U.S. Dist. LEXIS 52200, at *1 (W.D. Okla. Apr. 11, 2013).

The Court finds that, as a result of the death of Mr. Gray, the instant action is moot. Therefore, the habeas corpus application will be denied and the action dismissed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If a notice of appeal is filed, the full $505.00 appellate filing fee must be paid or

a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit filed within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the motions to dismiss (ECF Nos. 12 and 13) are granted.  It is

FURTHER ORDERED that the habeas corpus application is denied and the action dismissed with prejudice as moot.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of   August  , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court